**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAL-MOR-USA, LLC, a Nevada limited liability company<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a National Association; RECONTRUST COMPANY, N.A., a National Association; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATE HOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-F, a Remic Trust; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No. 2:13-cv-0680-LDG-VCF<br><br><br>**ORDER** |

Presently before the court is Defendants Bank of America N.A. and Recontrust Company, N.A.'s (Bank of America) Motion to Dismiss Amended Complaint. (Doc. #4). Plaintiff Kal-Mor-USA, LLC filed a response in opposition (Doc. #6), and Bank of America filed a reply (Doc. #10).

**I.    Background**

In 2005, George Gilbert obtained a mortgage loan to purchase property located at 3047 Casey Drive, Unit 103, Las Vegas, Nevada. The loan was secured by a first deed of trust which was properly

recorded August 23, 2005. As a result of Gilbert's failure to pay homeowner's association fees, Canyon Willow Owners Association recorded a lien for delinquent assessments in January 2012. Canyon Willow later foreclosed on the property and First 100, LLC, purchased the property at the foreclosure auction on February 2, 2013. First 100 then sold the property to Kal-Mor one month later. The deed of sale was recorded on March 4, 2013.

On February 26, 2013, First 100 commenced this lawsuit against the holder of the first deed of trust and any other junior lien holders. The complaint seeks quiet title, declaratory relief, and to enjoin any party from foreclosing on the property during the duration of this lawsuit. Bank of America removed the action to federal court on April 22, 2013.

## II.     Motion to Dismiss

Defendants' motion to dismiss, brought pursuant to Rule 12(b)(6), challenges whether the plaintiffs' complaint states "a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

Kal-Mor argues that it purchased the property free from all encumbrances and seeks to quiet title. Kal-Mor argues that Canyon Willow's foreclosure pursuant to NRS 116.3116 extinguished Bank of America's interest through its first position deed of trust. Bank of America argues that an HOA foreclosure pursuant to NRS 116.3116 does not extinguish a first position deed of trust. The court agrees with Bank of America.

NRS 116.3116(2) states in relevant part:

A lien under this subsection is prior to all other liens and encumbrances on a unit except:

. . .

(b) a first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent, or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent . . . .

The clear language of this statute states that an HOA's lien is prior to all other liens and encumbrances secured by the property except a first security interest on the property recorded before the date on which the assessment became delinquent. In this case, Bank of America properly recorded its deed of trust on August 23, 2005. Canyon Willow recorded its lien for delinquent assessments in January 2012. Bank of America's first position deed of trust was recorded nearly seven years prior to Canyon Willow's HOA lien.

Additionally, Kal-Mor is required to (1) produce a copy of the assessment lien upon which the foreclosure was based, and (2) allege that the assessment lien chronologically precedes the deed of trust. *Centana v. Mortg. Elec. Registration Sys.*, Case No. 2:11-cv-2105-GMN-RJJ, 2012 WL 3730528 at *3 (D. Nev. Aug. 28, 2012). In this case, the amended complaint does not allege that the assessment lien chronologically predates the deed of trust. The deed of trust was recorded almost seven years prior to the assessment lien.

Also relevant is NRS 166.3116(2)(c), which delineates a limited exception to NRS 116.3116(2)(b). NRS 166.3116(2)(c) states that an HOA's unpaid charges and assessments incurred during the nine months prior to the foreclosure of a first position mortgage continue to encumber the property in question after the foreclosure of the first position deed of trust. This nine-month period of unpaid charges is known as a "super priority lien." However, the super priority lien does not extinguish the first position deed of trust.

NRS 116.3116(2)(c) states:

> Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative. The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 **which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien. This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.**

**Several courts of this district have recently interpreted this subsection. "NRS 116.3116(2)(c) creates a limited super priority lien for 9 months of HOA assessments leading up to the foreclosure of the first mortgage, but it does not eliminate the first security interest."** *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, **Case No. 2:12-cv-00949-KJD-RJJ, 2013 WL 531092 at \*3 (D. Nev. Feb. 11, 2013). "[T]he HOA may initiate a nonjudicial foreclosure to recover delinquent assessments and the purchaser at the sale takes the property subject to the security interest."** *Id*. **"The plain language of NRS 116.3116(2)(c) provides an HOA with two options: (1) the HOA may initiate a non-judicial foreclosure to recover the**

**delinquent assessments and the purchaser at the sale takes the property subject to the security interest; or (2) initiate a judicial action to pursue the assessments."** *Weeping Hollow Avenue Trust v. Ashley B. Spencer*, **Case No.** 2:13-cv-0544-JCM-VCF (D. Nev. May 24, 2013)**.**

**In this case, Canyon Willow's foreclosure did not extinguish Bank of America's security interest in the first position deed of trust. Therefore, Kal-Mor's claims for quiet title and declaratory relief fail as a matter of law.**

**Accordingly,**

**IT IS HEREBY ORDERED that Bank of America's motion to dismiss (Doc. #4) is GRANTED.**

**DATED this  8th   day of July, 2013.**

_____
**Lloyd D. George
United States District Judge**