# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KAL-MOR-USA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | No. 2:13-cv-0680-LDG-VCF<br><br>ORDER |

Following the post-appeal hearing conducted before the court on October 29, 2015, the court determines to have the parties file any further motions or briefs pertaining to the case on the following schedule:

Each party may file any motions or reports on or before November 17, 2015.

Responsive briefs shall be due on or before December 1, 2015.

Reply briefs shall be due on or before December 14, 2015.

The court is attaching a copy of the memorandum decision dated August 27, 2015, from the Circuit.

SO ORDERED.

DATED this ____ day of November, 2015.

_____
Lloyd D. George
United States District Judge

FILED

AUG 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAL-MOR-USA, LLC, a Nevada limited liability company,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>BANK OF AMERICA, N.A.; et al.,<br><br>        Defendants - Appellees. | No. 13-16591<br><br>D.C. No. 2:13-cv-00680-LDG-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted August 10, 2015[**]
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

    Appellant Kal-Mor-USA, LLC ("Kal-Mor-USA") appeals the dismissal of its suit to quiet title on a property located at 3047 Casey Drive, Unit 103, in Las Vegas, Nevada. Because the parties are familiar with the facts and procedural

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

history, we do not restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

    1.    The district court dismissed Kal-Mor-USA's suit based on its determination that a homeowner's association's ("HOA") nonjudicial foreclosure based on a super-priority lien under Nevada law does not extinguish a first security deed of trust. However, the Nevada Supreme Court has since held in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), that an HOA has a true super-priority lien on a property for nine months of unpaid assessments, and foreclosure on this lien extinguishes all other interests in that property. Accordingly, the district court's dismissal, to the extent it was based on a contrary interpretation of the Nevada HOA super-priority statutory scheme, was erroneous. *See, e.g.*, *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 913 (9th Cir. 1985) (federal courts "are bound to follow the decisions of a state's highest court in interpreting that state's law") (citation omitted).

    2.    Appellees argue that the dismissal of the suit was proper because, inter alia, the HOA's sale of the Casey Drive property was commercially unreasonable. Nevertheless, "inadequacy of price, however gross, is not in itself a

2

sufficient ground" for setting aside a sale as commercially unreasonable, because "there must be in addition to proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Brunzell v. Woodbury*, 449 P.2d 158, 159 (Nev. 1969) (citation omitted). Appellees have not identified any ground aside from the low price which might render the sales commercially unreasonable. Although the Nevada Supreme Court later held that HOA super-priority lien foreclosures extinguish first deeds of trust, that holding did not render the sales commercially unreasonable at the time the sales occurred.

We accordingly REVERSE the district court's dismissal and REMAND for further proceedings. This remand is without prejudice to any constitutional arguments the parties may make below, which the district court may address in the first instance. We note that the State of Nevada or the Federal Housing Finance Agency may wish to intervene in the proceedings below, in light of the possible constitutional issues that the district court may address on remand.

**REVERSED AND REMANDED.**