**LEACH JOHNSON SONG & GRUCHOW**
SEAN L. ANDERSON
Nevada Bar No. 7259
RYAN D. HASTINGS
Nevada Bar No. 12394
8945 West Russell Road, Suite 330
Las Vegas, Nevada 89148
Telephone:     (702) 538-9074
Facsimile:      (702) 538-9113
sanderson@leachjohnson.com
rhastings@leachjohnson.com
*Attorneys for Defendant Canyon Willow Owners Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| First 100 LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A., THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-F, A REMIC TRUST; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:     2:13-cv-00680-APG-CWH<br><br>**CROSSDEFENDANT CANYON WILLOW HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS BANK OF AMERICA, N.A.'S CROSSCLAIMS** |
| BANK OF AMERICA, N.A.,<br><br>Counterclaimant,<br><br>vs.<br><br>FIRST 100, LLC a Nevada Limited Liability Company,<br><br>Counterdefendant. | |
| BANK OF AMERICA, N.A.,<br><br>Crossclaimant,<br><br>vs.<br><br>CANYON WILLOW HOMEOWNERS ASSOCIATION; UNITED LEGAL SERVICES; and RED ROCK FINANCIAL SERVICES,<br><br>Crossdefendant. | |

Crossdefendant Canyon Willow Homeowners' Association (the "Association"), by and through its attorneys, Leach Johnson Song & Gruchow, respectfully submits its Motion to Dismiss Crossclaimant Bank of America, N.A.'s Cross-Claims ("Motion").

This Motion is based upon NRS 40.010, FRCP 12(b) and the attached Memorandum of Points and Authorities, together with such other and further evidence and argument as may be presented and considered by this Court at any hearing of this Motion.

DATED this ____ day of April, 2016.

LEACH JOHNSON SONG & GRUCHOW

Sean L. Anderson
Nevada Bar No. 7259
RYAN D. HASTINGS
Nevada Bar No. 1239
8945 W. Russell Road, Suite 330
Las Vegas, Nevada 89148
*Attorney for Defendant Sierra Ranch Homeowners' Association*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND RELEVANT FACTS

This action emanates from the Association's foreclosure of a delinquent assessment lien against the property located at 3047 Casey Drive, Unit 103, Las Vegas, Nevada 89120 (the "Property") on February 2, 2013. Plaintiff was the successful bidder at the foreclosure sale, taking title to the Property by way of a foreclosure deed.

On December 30, 2015, the Bank of America, N.A. ("Bank") filed its Answer to Plaintiff's Complaint, Counterclaims, and Cross-Claims ("Counterclaim") wherein the Bank brought several causes of action against the Association alleging violations of Nevada law with respect to the actions leading up to the Association's foreclosure sale. Specifically, the Bank brings the following claims against the Association: unjust enrichment, tortious interference with contractual relations, breach of duty of good faith and wrongful foreclosure. *See* Bank's Counterclaim at 14-18.

The Bank's cross-claims relate to a dispute regarding the interpretation, application, and enforcement of the governing documents of the Association. Pursuant to NRS 38.310, no civil action based on a claim relating to the interpretation, application, and enforcement of the governing documents of the Association may be filed in any court in this state unless it is first submitted to the Nevada Real Estate Division ("NRED") mediation or referee program. The Supreme Court of Nevada has unequivocally determined that any action that challenges a homeowners' association's authority to foreclose on real property is subject to the requirements set forth in NRS 38.310. *McKnight Fam., L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). NRS 38.310, and binding Nevada case law found in *McKnight*, mandate dismissal of the Bank's claims for unjust enrichment, tortious interference with contractual relations, breach of the duty of good faith pursuant to NRS 116.1113 and wrongful foreclosure. These claims clearly challenge the Association's authority to foreclose on the Property pursuant to its delinquent assessment lien.

Moreover, because it is impossible to determine the amount of the lien, or the propriety of the lien, without reviewing and applying the Association's governing documents, the cross-claim necessarily "relates to" the interpretation, application and enforcement of the Association's governing documents. Accordingly, this Court is required to dismiss the Bank's purported Cross-claim for lack of subject matter jurisdiction pursuant to NRS 38.310 as the Bank's claims have not been mediated before the NRED.

## II. Legal Standard

When considering a motion to dismiss, this Court must determine "whether or not the challenged pleading sets forth allegations sufficient to make out the *elements* of a right to relief." *Edgar v. Wager,* 101 Nev. 226, 227, 699 P.2d 110, 111 (1985) (emphasis added). Thus, the focus is on the allegations in Plaintiff's Complaint. Nevertheless, despite the lenience of notice pleading, in *Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1974 (1997), the United Stated Supreme Court held that a Motion to Dismiss should be granted if the Plaintiff does not delineate enough facts to state a claim for relief that is plausible on its face." "[A] plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusion and formulaic

-3-

recitation of the elements of a cause of action will not do." *Id.* at 1964-65. "Factual allegations in the Complaint must be enough to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Id.* (citation omitted).

### III. ARGUMENTS

**A. This Court Lacks Subject Matter Jurisdiction to Consider the Bank's Counterclaims.**

NRS § 38.310 provides:

> No **civil action** based upon a claim **relating to**:
>
> (a) the **interpretation, application or enforcement of any** covenants, conditions or restrictions applicable to residential property or any bylaws, **rules or regulations adopted by an association**; or
>
> (b) the procedures used for increasing, decreasing or imposing additional assessments upon residential property, **may be commenced in any court in this state unless the action has been submitted to mediation or arbitration pursuant to the provisions of NRS 38.300 to 38.360, inclusive,** and, if the civil action concerns real estate within a planned community subject to the provisions of Chapter 116 of NRS all administrative procedures specified in any covenants, conditions or restrictions applicable to the property in any bylaws, rules and regulations of an association have been exhausted.
>
> 2. **A court shall dismiss any civil action which is commenced in violation of the provisions of Subsection 1.**

*Id.* (emphasis added).

NRS 38.310 "[e]xpresses Nevada's public policy favoring arbitration of disputes involving the interpretation of CC&Rs." *Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 28, 183 P.3d 895, 902 (2008). In *Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 290, 183 P.3d 895 (2008), the plaintiff homeowners owned a vacant lot against which the association recorded an assessment lien. *Id.* 124 Nev. 294, 138 P.3d at 899. Plaintiff filed an action in district court alleging slander of title and breach of contract, seeking, among other things, a declaratory judgment and permanent injunction eliminating any assessments against his lot and a release of lien. *Id.* The district court dismissed the complaint under NRCP 12(b)(5), holding that pursuant to NRS 38.310, the plaintiffs were required to submit their complaint to NRED

-4-

ADR prior to seeking relief in district court. *Id.* The Nevada Supreme Court affirmed, finding that the homeowners' claims constituted a "civil action" as defined under NRS 38.310 because it related to the interpretation, application or enforcement of the association's governing documents.

In October 2013, the Nevada Supreme Court reaffirmed its holding in *Hamm* that actions relating to the interpretation, application, or enforcement of a homeowners association's CC&Rs must be submitted to ADR prior to being brought in district court. *McKnight Fam., L.L.P. v. Adept Mgmt.*, 310 P.3d 555, at 559 (Nev. 2013). In analyzing the various claims subject to dismissal under NRS 38.310, the Nevada Supreme Court held the following:

> [T]o determine whether an individual violated any conditions or failed to perform any duties required under an association's CC&Rs, a court must interpret the CC&Rs to determine their applicability and enforceability regarding the individual. This type of interpretation falls under NRS 38.310. *Id.*

The Supreme Court was clear that any cause of action which required an analysis of whether an individual violated or failed to perform a duty under the CC&Rs would require an interpretation of the CC&Rs thus making dismissal mandatory under 38.310. In *McKnight*, the Supreme Court dismissed claims for injunctive relief, negligence, breach of contract, breach of NAC 116, breach of NRS 116 claims, slander of title and wrongful foreclosure. *Id.* The only claim which was exempted from dismissal was a quiet title claim because a quiet title claim directly relates to an individual's right to possess and use his or her property. *Id.* In this case, there is no question that the claims alleged against the Association fall under the Court's ruling in *McKnight* and, therefore, must be dismissed.[1]

**1. The Bank's claim for Unjust Enrichment must be dismissed.**

The Bank's third cause of action[2] is for unjust enrichment. *See* Bank's Counterclaim at 14:22. Specifically, the Bank alleges that "[b]y foreclosing on the Property after rejecting Bank

---

[1] The Bank is seeking money damages based upon NRS Chapter 116. As such, each of its cross-claims fall within the definition of "civil action" as set forth in NRS 38.300(3) and are, therefore, subject to dismissal pursuant to NRS 38.310. *McKnight*, 310 P.3d at 558-59.

[2] The Bank's second counterclaim is for injunctive relief and is not brought against the Association.

-5-

of America's super-priority tender, the HOA was unjustly enriched in an amount at least equal to the amount the HOA received from the foreclosure proceeds in excess of the amount of $1,242.00 offered by Bank of America as payment for the super-priority lien..." *Id.* at ¶52. This claim relates to the Association's CC&Rs because a homeowners' association assessments are authorized and created by the CC&Rs.

Pursuant to NRS 116.3102, each common-interest community has the right, "**subject to the provisions of the declaration**," to "collect assessments for common expenses." Thus, in the absence of the governing documents, there exists neither an assessment obligation nor the ability to collect the same. If, as the Bank has done here, a party disputes the validity or amount of an association's lien, that disputes involves resort to or interpretation of the association's CC&Rs or other governing documents, which triggers NRS 38.310(1) and requires NRED mediation or arbitration prior to civil litigation. *Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 900 (2008))(emphasis added). Indeed, the lien giving rise to this Cross-claim arose in accordance with the CC&Rs and, as such, "**resolving the merits of the complaint would require the district court to interpret the CC&Rs' meaning to determine whether, under that meaning, [the HOA's] assessment was proper.**" *Id.* (emphasis added). For each of these reasons, dismissal pursuant to NRS 38.310 is required.

### 2. The Bank's claim for tortious interference with contractual relations must be dismissed.

The Bank's fifth cause of action[3] is tortious interference with contractual relations. *See* Bank's Counterclaim at 16:11. Specifically, the Bank alleges that it attempted to prepay a "super priority" portion of the Association's delinquent assessment lien, and that the Association's failure to accept the Bank's tender and decision to move forward with its foreclosure sale was "designed to disrupt the contractual relationship between Bank of America and Borrower by extinguishing the senior Deed of Trust." *Id.* at 16:24-25. Much like the unjust enrichment claim, the Bank's tortious interference claim disputes the validity or amount of the lien as well as the ability of the Association to enforce its governing documents by collecting assessments and the

---

[3] The Bank's fourth counterclaim is for unjust enrichment against the HOA Trustee.

-6-

costs as set forth in the Association's governing documents. Such disputes necessarily involve resort to or interpretation of the association's CC&Rs or other governing documents, which triggers NRS 38.310(1) and requires NRED mediation or arbitration prior to civil litigation. *Hamm*, 183 P.3d at 900. Reason being, in the absence of the governing documents, there exists neither an assessment obligation nor the ability to collect the same. *See* NRS 116.3102. Without an assessment obligation afforded under the governing documents, NRS 116.3116 would be rendered meaningless.

In other words, the Bank primary assertion giving rise to this claim is that the Association's interpretation of NRS 116.3116 was somehow incorrect, or differs from that of the Bank. However, NRS 116.3116, which specifically defers to the CC&Rs, exists solely as an extension of the Association's rights and obligation under the governing documents to collect and enforce assessments. NRS 38.310 does not require that a complaint or cross-claim be "based upon" the governing documents. Rather, the clear language of NRS 38.310 only requires that the allegations **relate** to Association's governing documents. NRS 116.3116, which is at the heart of this dispute and specifically the Bank's claim for tortious interference with contractual relations, clearly relates to and requires that this Court review, interpret and apply the Association's governing documents. Therefore, pursuant to NRS 38.310, this action must be dismissed.

### 3. The Bank's claim for breach of the duty of good faith must be dismissed.

The Bank's sixth cause of action is for breach of the duty of good faith. *See* Bank's Counterclaim at 17:11. The Bank's sixth claim is subject to dismissal as its resolution would require this Court to interpret, apply or enforce the Association's CC&Rs. NRS 116.1113 provides that any contract or duty governed by NRS Chapter 116 imposes an obligation of good faith in its performance or enforcement. However, there are no contracts or duties as between the Association and the Bank which are governed by NRS Chapter 116. Instead, NRS 116.1113 ensures that the interactions between homeowners and their homeowners associations are done in good faith. In other words, the contracts governed by NRS Chapter 116 are clearly the CC&Rs recorded against the land and form. Because this Court cannot possibly resolve the Bank's sixth

-7-

claim without interpreting, applying or enforcing the Association's CC&Rs, the same is subject to dismissal pursuant to NRS 38.310.

### 4. The Bank's claim for wrongful foreclosure must be dismissed.

The Bank's seventh claim is for wrongful foreclosure. *See* Bank's Counterclaim at 18:4. However, the Nevada Supreme Court has made it clear that wrongful foreclosure claims are subject to dismissal under NRS 38.310 if they are not first mediated or arbitrated before the NRED. The *McKnight* Court specifically held the following concerning wrongful foreclosure claims:

> Wrongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property. A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself.

*McKnight*, 310 P.3d 555, at 559.

In this case, the Bank's claim for wrongful foreclosure clearly falls under the Nevada Supreme Court's ruling in *McKnight* and therefore, must be dismissed by this Court. The Bank challenges the authority of the Association's foreclosure sale by arguing that the Association failed to accept its tender of the super priority portion of the Association's lien. *See* Banks Counterclaim at ¶¶79-84. NRS 38.310 requires the Court to dismiss the Bank's wrongful foreclosure claim for lack of subject matter jurisdiction.

…
…
…
…
…
…
…
…
…

-8-

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the Association's motion in its entirety.

DATED this 29 day of April, 2016.

LEACH JOHNSON SONG & GRUCHOW

By: _____
SEAN L. ANDERSON
Nevada Bar No. 7259
RYAN D. HASTINGS
Nevada Bar No. 12394
8945 West Russell Road, Suite 330
Las Vegas, Nevada 89148
*Attorneys for Defendant Canyon Willow Owners Association*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), the undersigned, an employee of LEACH JOHNSON SONG & GRUCHOW, hereby certified that on this 29th day of April, 2016, she served a true and correct copy of the foregoing **CROSSDEFENDANT CANYON WILLOW HOMEOWNERS' ASSOCIATION'S MOTION TO DISMISS BANK OF AMERICA, N.A.'S CROSSCLAIMS** to all parties via CM/ECF.

| | |
|---|---|
| Gregory L. Wilde, Esq.<br>Matthew D. Dayton, Esq.<br>TIFFANY & BOSCO P.A.<br>212 South Jones Boulevard<br>Las Vegas, NV 89107<br>Tel: (702) 258-8200<br>Fax: (702) 258-8787<br>*Attorneys for Plaintiff* | Kerry Faughman, Esq.<br>P.O. Box 335361<br>North Las Vegas, NV 89033<br>Tel: (702) 301-3096<br>Fax: (702) 331-4222<br>Email: Kerry.faughnan@gmail.com<br>*Attorneys for Defendant, Counterclaimant, and Crossclaimant* |

_/s/ signature_
An Employee of LEACH JOHNSON SONG & GRUCHOW