# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FIRST 100 LLC; KAL-MOR-USA, LLC, | |
| Plaintiff, | 2:13-CV-00680-LDG-NJK |
| v. | **ORDER** |
| BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A., THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-F, A REMIC TRUST; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |
| BANK OF AMERICA, N.A. | |
| Counterclaimant, | |
| v. | |
| KAL-MOR-USA, LLC, | |
| Counterdefendant. | |
| BANK OF AMERICA, N.A., | |
| Cross-Claimant, | |
| v. | |
| CANYON WILLOWS HOMEOWNERS ASSOCIATION; UNITED LEGAL SERVICES; and RED ROCK FINANCIAL SERVICES, | |
| Cross-Defendants. | |

Defendants Bank of America N.A., Recontrust Company N.A. (collectively Bank of America), and the Bank of New York Mellon move for summary judgment (ECF No. 83) on plaintiff Kal-Mor-USA, LLC's ("Kal-Mor") claims for quiet title, declaratory relief, and injunctive relief regarding the property at 3047 Casey Drive, Unit 103, Las Vegas, NV 89120, and on Bank of America's counterclaim seeking declaratory relief against Kal-Mor regarding the property. Defendants argue that Kal-Mor's claims fail as a matter of law because the state's foreclosure scheme is facially unconstitutional as it violates lender's due process rights and because the sale of the said property was commercially unreasonable, thereby preserving defendants' security interest in the said property.

The Court will grant summary judgment in favor of the defendants pursuant to the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank*, N.A., 832 F.3d 1154 (9th Cir. 2016) holding that the "opt-in" notice scheme of Nevada's Statute, NRS 116.3116 *et seq*, facially violated the Fourteenth Amendment of the U.S Constitution. Finally, the Court denies Kal-Mor's countermotion for summary judgment as moot and as untimely filed.

## I. Background

In August 2005, George Gilbert received two mortgage loans to purchase property located at 3047 Casey Drive, Unit 103, Las Vegas, NV 89120. The first mortgage loan, in the amount of $137,200, was secured by a first deed of trust and later assigned to Bank of America. The second mortgage loan, in the amount of $34,300, was secured by a second deed of trust and later assigned to Bank of New York Mellon.

After Mr. Gilbert failed to pay fees to his homeowner's association (HOA), the HOA recorded a lien for delinquent assessments in January 2012. The HOA later recorded a notice of default and election to sell pursuant to the lien for delinquent assessments in

March 2012. On February 2, 2013, Kal-Mor's predecessor-in-interest purchased the property at a foreclosure auction.

On February 26, 2013, Kal-Mor commenced this lawsuit against the holder of the first deed of trust and any other junior lien holders. The complaint seeks quiet title, declaratory relief, and to enjoin any party from foreclosing on the property during the duration of this lawsuit. The defendants later filed a motion to dismiss, which the Court granted on July 8, 2013. (ECF No. 14). The Ninth Circuit reversed and remanded the decision on August 27, 2015. The Ninth Circuit stated "[t]his remand is without prejudice to any constitutional arguments the parties may make below, which the district court may address in the first instance." *Kal-Mor-USA, LLC v. Bank of Am.*, N.A., 615 F. App'x 412, 413 (9th Cir. 2015).

On August 12, 2016, the Ninth Circuit held that Nevada's "opt-in" notice scheme is facially unconstitutional. *Bourne Valley Court Trust v. Wells Fargo Bank*, NA, 832 F.3d 1154, 1160 (9th Cir. 2016). The Ninth Circuit found that the "opt-in" provision of Nevada's HOA Lien statute, before it was amended in 2015, violated mortgage lenders' due process rights because homeowner associations were not required to affirmatively notify lenders regarding foreclosure. *Id*, at 1158 (explaining that "the burden was on the mortgage lender to ask the homeowners' association to please keep it in the loop regarding the homeowners' association's foreclosure plans").

## II. Standard of Review

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact arises if there is sufficient evidence for "a reasonable jury to return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). However, if the moving party meets its burden on summary judgment, the non-moving party must produce sufficient evidence showing a genuine issue of material fact. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). *See Adickes v. S.H. Kress & Co.*, 398 U.S. 160 (1970). "56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### III. Analysis

<u>The HOA's Foreclosure Did Not Extinguish Either Deed of Trust</u>

Kal-Mor argues that the HOA's foreclosure of its lien extinguished both the first and second deed of trust per NRS 116.3116. Defendants argue that the HOA's foreclosure did not extinguish their security interests because the Ninth Circuit determined that the "opt-in" notice provision of NRS 116.31116 is facially unconstitutional. *Bourne Valley*, 832 F.3d at 1160. Defendants also argue that actual notice does not cure the constitutional defect. Kal-Mor argues that this Court should refrain from following the Ninth Circuit's decision in *Bourne Valley* and instead follow the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, which held that a non-judicial foreclosure sale extinguishes a lender's first deed of trust when the super-priority portion of the lien has not been satisfied. *SFR Investments Pool v. US Bank*, 334 P. 3d 408, 419 (Nev. 2014) (stating that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust").

This Court is bound by the decisions of the Ninth Circuit. *See, e.g., Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) (a federal court of appeals decision "binds all [federal district] courts within a particular circuit" (internal citation omitted)); *Watson v. Estelle*, 886 F.2d 1093, 1100 (9th Cir. 1989) (stating that "[a] decision of the Supreme Court of California, construing the Constitution of the United States, while entitled to great respect, is not binding upon the federal courts") (quoting *Smayda v. United States*, 352 F.2d 251, 253 (9th Cir.1965)); *Bittaker v. Enomoto*, 587 F.2d 400, 402 (9th Cir. 1978) (noting that "[s]tate interpretations of the federal constitution and laws are persuasive authority, but a district court may consider them on federal questions only if the question is otherwise open").

This Court is bound to follow the Ninth Circuit's decision in *Bourne Valley.* In *Bourne Valley*, the Ninth Circuit held that a lender's due process rights under the Fourteenth Amendment of the U.S. Constitution were violated by Nevada's provisions requiring mortgage lenders to "opt-in" to receive notice of HOA's to affirmatively notify lenders regarding foreclosure. *Bourne Valley*, at 1158, cert. denied (U.S. June 26, 2017).

In order to succeed on a facial challenge to a statute, "the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). *See also United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that in a facial challenge to a statute the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid"). "The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS 116.3116 would pass constitutional Muster." *Bank of New York Mellon v. Ravenstar Investments, LLC*, No. 2017 WL 2588088, at *3 (D. Nev. June 14, 2017).

Kal-Mor suggests it is "unclear how the Bank of New York Melon is claiming any interest in the property whatsoever as only the first deed of trust holder is potentially senior to the HOA in priority and the second deed of trust holder is junior even to the 'subpriority' portion of the HOA's lien." The argument ignores the holding of *Bourne Valley* that it was Nevada's "'opt-in' notice scheme [that] facially violated mortgage lenders' constitutional due process rights." *Bourne Valley*, 832 F.3d at 1160. *Bourne Valley* rested upon the premise that Nevada could constitutionally create an HOA lien that was superior to all other interests, including a prior-recorded first deed of trust. Nevada's scheme to foreclose on such a lien, and specifically the "opt-in" notice provision of that foreclosure scheme, violated the rights of all mortgage lenders who held interests junior to the statutorily created superior HOA lien. In short, Kal-Mor's own argument clarifies how the Bank of New York Melon's interest was not extinguished: it is a mortgage lender holding an interest junior to the HOA's lien whose constitutional due process rights were violated by the foreclosure sale.

Because the HOA foreclosed under a facially unconstitutional notice scheme, the defendants' deeds of trust were not extinguished. Because *Bourne* is dispositive, the Court need not address the defendants' other arguments.

Kal-Mor's Countermotion for Summary Judgment

The Court's decision to grant the defendants' motion for summary judgment renders Kal-Mor's countermotion for summary judgment moot. Nevertheless, the Court would have denied the countermotion as untimely. The Magistrate Judge determined that all dispositive motions should be filed by April 13, 2017. (ECF No. 60). Kal-Mor filed its countermotion for summary judgment on June 5, 2017. (ECF No. 92). Kal-Mor did not request an extension for more time from the court regarding a countermotion for summary judgment. Kal-Mor filed the motion almost two months past the deadline for

filing dispositive motions and without leave of the Court.  Therefore, the Court denies Kal-Mor's countermotion for summary judgment.

Accordingly,

THE COURT **ORDERS** that Defendants Bank of America N.A., Recontrust Company N.A., and the Bank of New York Mellon's Motion for Summary Judgment (ECF No. 83) is GRANTED;

THE COURT FURTHER **ORDERS** that Plaintiff Kal-Mor-USA LLC's Motion for Summary Judgment (ECF No. 92) is DENIED.

DATED this ____ day of _____, 2017.

_____
Lloyd D. George
United States District Judge